## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **SOBEL NETWORK SHIPPING CO., INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No: _____** |
| **v.** | ) ) | |
| **SHORES GLOBAL, LLC and SHORES EUROPE APS,** | ) ) ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Plaintiff Sobel Network Shipping Co., Inc. hereby asserts the following Complaint against Defendants Shores Global, LLC and Shores Europe ApS (collectively, the "Parties"), seeking damages in an amount not less than $107,613.18 in unpaid invoices, attorney's fees, declaratory judgment, and other relief. Plaintiff, by and through its undersigned counsel, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sobel Network Shipping Co., Inc. ("Sobel" or "Plaintiff") is a corporation duly incorporated under the laws of the state of New York, with its principal executive office and principal place of business at 100 North Centre Avenue, Suite 302, Rockville Centre, New York 11570. Sobel is a licensed Customs Broker and Freight Forwarder that offers supply chain and logistics solutions to its clients.

2. Defendant Shores Global, LLC ("Shores Global") is a limited liability company organized under the laws of the state of Florida, with its principal place of business and mailing address at 440 NW 116th Street, Suite 600, Miami, Florida 33167. Its registered agent is Susan Sadolin, 440 NW 116th Street, Suite 600, Miami, Florida 33167. Mrs. Sadolin is also Chief

4848-1963-8505

1

Executive Officer of Shores Global. Shores Global provides hospitality equipment, manufactured goods, and furniture to various industries.

3.      Upon information and belief, Defendant Shores Europe ApS ("Shores Europe") is a limited liability company organized under the laws of Denmark, with its principal place of business at H.P. Hanssensgade 42, 6200 Aabenraa, Denmark. Upon information and belief, Susan Sadolin is the chairperson and director of Shores Europe.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00 and because diversity of citizenship is established.[1]

5.      This Court has personal jurisdiction over both Defendants pursuant to the Terms and Conditions of Service (the "Terms and Conditions," discussed *infra*) governing the relationship between the parties.

6.      This Court also has personal jurisdiction over both Defendants pursuant to N.Y. C.P.L.R. § 302 because each has transacted business within the state of New York by means of engaging with a New York corporation that operates out of New York.

7.      Venue is proper in this Court because, pursuant to the Terms and Conditions, any lawsuit must be brought exclusively in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, County of New York. In accordance with the Terms and Conditions, where there is concurrent jurisdiction (which here, there is), any action must be brought in this Court.

---

[1] Sobel is a citizen of New York pursuant to 28 U.S.C. § 1332(c)(1). According to Shores Global's Articles of Organization, Shores Global's members are citizens of Florida. Upon information and belief – and based on a reasonable inquiry of Shores Europe's status as a limited liability company – Shores Europe's members are citizens of Denmark and Florida.

4848-1963-8505

8.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391.

## **FACTUAL ALLEGATIONS**

9.      In July of 2020, Plaintiff and Defendants, by way of Susan Sadolin, entered into a business arrangement whereby Defendants agreed to utilize Plaintiff as their primary Customs Broker, Freight Forwarder, and logistics coordinator for Defendants' clients for five years starting on July 15, 2020. The business arrangement was memorialized by the Parties in a business agreement (the "Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

10.      In April of 2021, the Parties agreed that the business arrangement should be terminated.

11.      Prior to agreeing to terminate the relationship, Plaintiff fully and satisfactorily performed its obligations pursuant to the Agreement, handling each shipment properly and with professionalism.

12.      In exchange for Plaintiff's performance, Plaintiff sought payment from Defendants via invoices.

13.      Since December of 2020, Defendants have received, collectively, twenty-two invoices from Plaintiff for services Plaintiff rendered.

14.      Each of these twenty-two invoices remains unpaid.

15.      On June 18, 2019, Susan Sadolin, acting on behalf of Defendant Shores Global, signed a Power of Attorney appointing Plaintiff as broker for import clearance and agreed to Plaintiff's Terms and Conditions. True and correct copies of the Power of Attorney and Terms and Conditions are attached hereto as **Exhibit B**.

16.      All business Defendants transacted with Plaintiff was (and remains) subject to Plaintiff's Terms and Conditions.

4848-1963-8505

3

Case 1:21-cv-04320 Document 1 Filed 05/13/21 Page 4 of 9

17.     Pursuant to the Terms and Conditions, Defendants have an obligation to pay all invoices as well as compensate Plaintiff for services rendered and reimburse Plaintiff for any monies that Plaintiff paid, pays, or shall be obligated to pay regarding Defendants' transactions. Specifically, the Terms and Conditions provide:

**28. Compensation and Reimbursement.**
We are entitled to compensation for the services that We render and reimbursement for any monies We have paid or shall be obligated to pay with respect to Your Transaction.
(a) Our compensation includes, and is in addition to, the rates and charges of all carriers and other Third-Parties and agents which were selected or engaged to service or handle Your Transaction. Such compensation is exclusive of any brokerage, commissions, dividends or other revenue which We may receive from carriers, Third-Parties, insurers and others in connection with Your Transaction.
(b) In the case of ocean exports where We have acted as a Freight Forwarder, upon request, We will provide You with a detailed breakout of all charges assessed and a true copy of each pertinent document relating to those charges.

**29. Payment of Invoices.**
Payment of Our invoices is due according to the term printed on the front of the invoice. If no term is specified on the invoice, and We have not otherwise agreed in writing, then payment is due seven (7) calendar days after the date of the invoice.

(**Ex. B** at 8).

18.     Pursuant to the Terms and Conditions, unpaid invoices are considered delinquent:

**31. Delinquent Payments.**
(a) If You do not pay an invoice in full when due, or make a timely dispute of an invoice item the invoice, excluding only an item in dispute, will be deemed delinquent.
(b) Delinquent invoices will be subject to an annual finance charge running from the date of delinquency and irrespective of any grace period. It shall accrue at the rate of **18%** per annum and invoiced periodically as we deem appropriate. The fact that we have not invoiced You for an annual finance charge does not act as a waiver of our right to it and you shall be obligated to pay the finance charge whether billed or not.
(c) If any invoice is delinquent We shall have the right to declare all outstanding invoices and amounts immediately due and payable regardless of any term contained on the invoice or in any other writing.

(*Id.*)

19.     In the event that invoices become delinquent due to failure to remit payment, the Terms and Conditions allow Plaintiff to sell Defendants' property and/or documents to satisfy the amounts outstanding. The Terms and Conditions provide:

**33. Disposition of Property to Satisfy Delinquent Invoices.**

(a) If You are delinquent in paying any of Our invoices, We shall have the right and authority to enforce any lien We have by sale of the property and/or document at public or private sale or auction in order to satisfy the outstanding invoice(s).

(b) Prior to any sale of property or documents to satisfy delinquent invoices and related charges as are secured by Our lien, We will provide You with written notice of:

(1) Our intent to enforce the Lien by sale,

(2) The identity of the property or documents to be sold,

(3) The exact amount of monies due and owing, and

(4) Any on-going storage or other charges.

(c) The property and/or documents will be sold 30 days after of Our notice to You, unless You do one of the following:

(1) You pay all amounts due less any individual invoice items for which a notice of dispute was timely and properly filed,

(2) For amounts not in dispute, You post alternate collateral, in the form of cash or letter of credit at sight, or,

(3) For amounts which are in dispute, You post a bond in Our favor issued by an entity acceptable to Us in an amount equal to 130% of the total amount due Us and that such bond guarantees payment of the monies owed, plus all storage charges accrued or to be accrued, plus interest and penalty charges as may be otherwise provided for in these Terms.

(*Id.*)

20.     Pursuant to the Terms and Conditions, Plaintiff is also entitled to attorney's fees in the event of Defendants' failure to pay:

**34. Collection of Delinquent Invoices.**

In any referral for collection or action against You for money due Us, You shall pay the expenses of collection and/or litigation, including reasonable attorney fees, disbursements and expenses of enforcement.

(*Id.* at 9).

21.     To date, Defendant Shores Global has failed to remit payment to Plaintiff in an amount of $37,468.74 in invoices. True and correct copies of the invoices and a statement of account pertaining to Shores Global are attached hereto as **Exhibit C**.

22.     To date, Defendant Shores Europe has failed to remit payment to Plaintiff in an amount of $70,144.44 in invoices. True and correct copies of the invoices and a statement of account pertaining to Shores Europe are attached hereto as **Exhibit D**.

23.     Plaintiff endeavored to collect the amounts owed to it by Defendants amicably.

24.     As of today, Defendants have not paid for Plaintiff's services nor reimbursed Plaintiff for costs Plaintiff paid on behalf of Defendants, leaving an amount no less than $107,613.18 outstanding.

25.     Defendants are, therefore, in breach of their contracts with Plaintiff.

4848-1963-8505

## COUNT I
## BREACH OF CONTRACT
### *Shores Global*

26.     Plaintiff adopts by reference all of the allegations as set forth above as if repeated herein.

27.     Defendant Shores Global was obligated to pay for services Plaintiff provided to it under the Parties' Agreement and in accordance with the Terms and Conditions.

28.     Defendant Shores Global failed to fulfill its obligation to pay for services Plaintiff rendered.

29.     Defendant Shores Global has, therefore, breached the contracts governing its relationship with Plaintiff.

30.     As a result of Defendant Shores Global's breach of contract, Plaintiff has suffered damages in excess of $37,468.74, plus pre- and post- judgment interest, costs, and attorney's fees.

## COUNT II
## BREACH OF CONTRACT
### *Shores Europe*

31.     Plaintiff adopts by reference all of the allegations as set forth above as if repeated herein.

32.     Defendant Shores Europe was obligated to pay for services the Plaintiff provided to it under the Parties' Agreement and in accordance with the Terms and Conditions.

33.     Defendant Shores Europe failed to fulfill its obligation to pay for services Plaintiff rendered.

34.     Defendant Shores Europe has, therefore, breached the contracts governing its relationship with Plaintiff.

35.     As a result of Defendant Shores Europe's breach of contract, Plaintiff has suffered damages in excess of $70,144.44, plus pre- and post- judgment interest, costs, and attorney's fees.

**COUNT III**
**ACCOUNTS STATED**
*All Defendants*

36.     Plaintiff adopts by reference all of the allegations as set forth above as if repeated herein.

37.     Pursuant to the Parties' Agreement and the Terms of Conditions, Defendants owe Plaintiff, in exchange for services Plaintiff rendered, a sum certain in invoices that remains unpaid.

38.     The amounts Defendants owe to Plaintiff are specified and not in dispute.

39.     Specifically, Defendant Shores Global's account has an unpaid balance of $37,468.74, and Defendant Shores Europe's account has an unpaid balance of $70,144.44.

40.     Defendants have received invoices setting forth these amounts without objection.

41.     Plaintiff is therefore entitled to recover the amount of the balance due on Defendants' accounts, totaling $107,613.18.

**COUNT IV**
**DECLARATORY JUDGMENT**
*All Defendants*

42.     Plaintiff adopts by reference all of the allegations as set forth above as if repeated herein.

43.     Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of the Parties.

44.     The Terms and Conditions provide that, in order to satisfy outstanding invoices, Plaintiff may enforce any lien it possesses by the sale of Defendants' property and/or documents.

45.     Defendant Shores Global currently owes Plaintiff $37,468.74 in unpaid invoices.

4848-1963-8505

46.     Defendant Shores Europe currently owes Plaintiff $70,144.44 in unpaid invoices.

47.     Plaintiff is entitled to a declaration that Plaintiff has the right and authority to enforce any lien Plaintiff has by the sale of Defendants' property and/or documents at a public or private sale or auction in order to satisfy Defendants' outstanding invoices, attorneys' fees, costs of such a sale, and/or other damages incurred in connection to this matter.

### **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiff prays for the following relief:

1.  That proper process be issued and served upon Defendants, requiring them to appear and answer this Complaint within the time required by law;

2.  That the Court issue a judgment against Defendants for breach of contract and set-off, and award Plaintiff an amount not less than $107,613.18, to be proven at trial, plus pre-judgment and post-judgment interest at the statutory rate, attorney's fees, all incidental and consequential damages, and costs;

3.  That the Court declare that Plaintiff has the right and authority to enforce any lien Plaintiff has by the sale of Defendants' property and/or document at a public or private sale or auction in order to satisfy Defendants' outstanding invoices; and

4.  All other relief to which Plaintiff may be entitled.

                                        Respectfully submitted,

                                        /s/ Aron Z. Karabel
                                        Aron Z. Karabel (No. 4375176)
                                        WALLER LANSDEN DORTCH & DAVIS, LLP
                                        511 Union Street, Suite 2700
                                        Nashville, Tennessee 37219
                                        (615) 244-6380
                                        aron.karabel@wallerlaw.com

                                        *Attorney for Plaintiff*

**Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby respectfully demands a trial by jury of all issues triable of right by a jury.**