UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOBEL NETWORK SHIPPING CO., INC.,          21-cv-4320 (JGK)

                    Plaintiff,              ORDER

        - against -

SHORES GLOBAL, LLC AND SHORES EUROPE
APS,

                    Defendants.

JOHN G. KOELTL, District Judge:

    The parties should submit a Rule 26(f) Report by
July 9, 2021.

SO ORDERED.

Dated:    New York, New York
          June 25, 2021

                                    _____
                                       John G. Koeltl
                                    United States District Judge

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/25/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SOBEL NETWORK SHIPPING CO., INC.,

      Plaintiff,

v.

SHORES GLOBAL, LLC and
SHORES EUROPE APS,

      Defendants.

---

Civil Action No. 1:21-cv-04320-JGK

## ANSWER

    Shores Global, LLC ("Shores Global") answers and asserts affirmative defenses to Plaintiff Sobel Network Shipping Co. Inc.'s ("Plaintiff" or "Sobel") Complaint.

## ANSWER

## PARTIES, JURISDICTION, AND VENUE

    1.    Admitted that Sobel's principal place of business is located in New York. Shores Global is without sufficient knowledge to admit or deny Sobel's place of incorporation and therefore denies the same. Likewise, Shores Global is without sufficient knowledge to admit or deny that Sobel is a licensed Customs Broker and Freight Forwarder, and therefore denies the same.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted that this Court has subject matter jurisdiction, otherwise denied.

5.     Shores Global admits that a document identified as "Terms and Conditions of Service" is attached to Plaintiff's Complaint as Exhibit B, which speaks for itself, and denies the remaining allegations in this paragraph.

6.     Denied.

7.     Shores Global admits that a document identified as "Terms and Conditions of Service" is attached to Plaintiff's Complaint as Exhibit B, which speaks for itself, and denies the remaining allegations in this paragraph.

8.     Denied.

## FACTUAL ALLEGATIONS

9.     Shores Global admits that a document identified as "Sobel/Shores Global-SAS business agreement" is attached to Plaintiff's Complaint as Exhibit A, which speaks for itself, and denies the remaining allegations in this paragraph.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Shores Global admits that certain documents identified as "Power of Attorney" and "Terms and Conditions of Service" are attached to Plaintiff's Complaint as Exhibit B, which speak for themselves, and denies the remaining allegations in this paragraph.

16.     Denied.

17.     Shores Global asserts that the document identified as "Terms and Conditions of Service" speaks for itself, and denies the remaining allegations in this paragraph.

18.     Shores Global asserts that the document identified as "Terms and Conditions of Service" speaks for itself, and denies the remaining allegations in this paragraph.

19.     Shores Global asserts that the document identified as "Terms and Conditions of Service" speaks for itself, and denies the remaining allegations in this paragraph.

20.     Shores Global asserts that the document identified as "Terms and Conditions of Service" speaks for itself, and denies the remaining allegations in this paragraph.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

**COUNT I**
**BREAK OF CONTRACT**
***Shores Global***

26.     Shores Global's responses to paragraphs 1-25 are hereby incorporated by reference.

27.     Shores Global asserts that both the "Terms and Conditions of Service" and the "Sobel/Shores Global-SAS business agreement" speak for themselves, and denies the remaining allegations in this paragraph.

28.     Denied.

29.     Denied.

30.     Denied.

**COUNT II**
**BREACH OF CONTRACT**
***Shores Europe***

31.     Shores Global's responses to paragraphs 1-25 are hereby incorporated by reference.

3

32.     This cause of action is not alleged against Shores Global, and therefore, no response is required.  If a response is required, Shores Global is without sufficient knowledge to admit or deny the allegations in Paragraph 32 and therefore denies them.

33.     This cause of action is not alleged against Shores Global, and therefore, no response is required.  If a response is required, Shores Global is without sufficient knowledge to admit or deny the allegations in Paragraph 33 and therefore denies them.

34.     This cause of action is not alleged against Shores Global, and therefore, no response is required.  If a response is required, Shores Global is without sufficient knowledge to admit or deny the allegations in Paragraph 34 and therefore denies them.

35.     This cause of action is not alleged against Shores Global, and therefore, no response is required.  If a response is required, Shores Global is without sufficient knowledge to admit or deny the allegations in Paragraph 35 and therefore denies them.

## COUNT III
## ACCOUNTS STATED
### *All Defendants*

36.     Shores Global's responses to paragraphs 1-25 are hereby incorporated by reference.

37.     Shores Global asserts that both the "Terms and Conditions of Service" and the "Sobel/Shores Global-SAS business agreement" speak for themselves, and denies the remaining allegations in this paragraph.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

4

## COUNT IV
## DECLARATORY JUDGMENT
### *All Defendants*

42.     Shores Global's responses to paragraphs 1-25 are hereby incorporated by reference.

43.     The allegations in paragraph 43 consist solely of legal conclusions, which are denied.

44.     Shores Global asserts that the document identified as "Terms and Conditions of Service" speaks for itself, and denies the remaining allegations in this paragraph.

45.     Denied.

46.     Denied.

47.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Shores Global's alleged failure, if any, to perform obligations under the "Terms and Conditions of Service" between the parties is the result of Plaintiff's prior breach of the "Terms and Conditions of Service" thereby relieving Shores Global of any obligation of continued performance.

### Second Affirmative Defense

Any claim for damages that Plaintiff has alleged should be set off and/or reduced as a result of damages Shores Global has suffered due to Plaintiff's breach of the Terms and Conditions of Service.

### Third Affirmative Defense

The Court lacks personal jurisdiction over Shores Global, which is a Florida limited liability company and does not transact business in New York.

### Fourth Affirmative Defense

Plaintiff is barred from pursuing its claim for breach of the "Sobel/Shores Global-SAS business agreement" in the Southern District of New York because venue is improper.

### Fifth Affirmative Defense

Shores Global's alleged failure, if any, to perform obligations under the "Sobel/Shores Global-SAS business agreement" between the parties is the result of Plaintiff's prior breach of the "Sobel/Shores Global-SAS business agreement" thereby relieving Shores Global of any obligation of continued performance.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Plaintiff is estopped from pursuing its claims against Shores Global by reason of Plaintiff's own actions and course of conduct.

### Eighth Affirmative Defense

Plaintiff has failed to state a claim for breach of contract upon which relief can be granted.

### Ninth Affirmative Defense

Plaintiff's claims are barred under the doctrines of waiver, acquiescence, and laches.

WHEREFORE, having fully responded to Plaintiff's Complaint, Shores Global requests that this Court enter judgment in its favor together with interest, attorneys' fees, and costs.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel:  305.297.1878

By: */s/ /s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess, Esq.
jeff@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Defendant*
*Shores Global, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2021, a true and correct copy of the foregoing was served on all counsel of records via the CM-ECF.

*/s/ Jeffrey W. Gutchess*
Jeffrey W. Gutchess

7