# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOBEL NETWORK SHIPPING CO., INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No: 1:21cv04320 |
| | ) |
| v. | ) Judge Koeltl |
| | ) |
| SHORES GLOBAL, LLC and SHORES EUROPE APS, | ) Magistrate Judge Moses |
| | ) |
| Defendants. | ) |

## NOTICE OF MOTION FOR LEAVE TO SERVE DEFENDANT SHORES EUROPE APS PURSUANT TO FED. R. CIV. P. 4(f)(3)

Plaintiff Sobel Network Shipping Co., Inc. ("Sobel") hereby moves the Court to permit Sobel to serve Defendant Shores Europe ApS ("Shores Europe"), a Denmark entity, with a copy of the Complaint and Summons, filed in this Court on May 14, 2021, pursuant to Federal Rule of Civil Procedure 4(f)(3) using electronic means and/or upon known counsel for Shores Global and Susan Sadolin, the key agent of Shores Europe.

Both methods of service proposed by Sobel are sufficient to apprise Shores Europe of the pendency of this action and afford Shores Europe with an opportunity to present its objections. Sobel is aware of no international agreement between the United States and Denmark that would prohibit these methods of service. Therefore, Sobel respectfully requests that the Court grant its Motion and allow it to serve Shores Europe pursuant to Federal Rule of Civil Procedure 4(f)(3).

Sobel has filed contemporaneously with this Cover Motion a Memorandum of Law in Support of its Motion for Leave to Serve Defendant Shores Europe Pursuant to Fed. R. Civ. P. 4(f)(3).

*Application granted. Service on Shores Europe may be made by service in the three ways listed in the Conclusion of the attached Memorandum of p.10. So ordered. 9/9/21 [signature] /USDJ*

4824-0536-1401.1

Respectfully submitted,

/s/ Aron Z. Karabel
Aron Z. Karabel (No. 4375176)
John E. Haubenreich (*pro hac vice*)
Taylor J. Askew (*pro hac vice*)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
aron.karabel@wallerlaw.com
john.haubenreich@wallerlaw.com
taylor.askew@wallerlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, a true and correct copy of the foregoing Notice of Motion was filed with the Court via the Court's ECF filing system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel of record as indicated below. Parties may access the filing through the electronic filing system.

Jeffrey W. Gutchess
Bernardo Nacouzi de Mello Franco
AXS Law Group, PLLC
2121 NW 2nd Avenue
Suite 201
Miami, FL 33127
jeff@axslawgroup.com
bernardo@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Defendant Shores Global, LLC*

/s/ Aron Z. Karabel

4824-0536-1401.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOBEL NETWORK SHIPPING CO., INC., | ) ) ) |
| Plaintiff, | ) Civil Action No: 1:21cv04320 ) |
| v. | ) Judge Koeltl ) |
| SHORES GLOBAL, LLC and SHORES EUROPE APS, | ) Magistrate Judge Moses ) ) |
| Defendants. | ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SERVE DEFENDANT SHORES EUROPE APS PURSUANT TO FED. R. CIV. P. 4(f)(3)

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| **FACTUAL AND PROCEDURAL BACKGROUND** | 1 |
| **ARGUMENT** | 4 |
| **CONCLUSION** | 10 |

# **TABLE OF AUTHORITIES**

Page

**Federal Court Opinions**            Page(s)

*Asia Cube Energy Holdings, LTD v. Inno Energy Tech Co.*,
   2020 U.S. Dist. LEXIS 148012 (S.D.N.Y. Aug. 17, 2020) ...................................................... 5

*F.T.C v. PCCare247 Inc.*,
   2013 U.S. Dist. LEXIS 31969 (S.D.N.Y. Mar. 7, 2013) .......................................................... 5

*F.T.C. v. Pecon Software Ltd.*,
   2013 U.S. Dist. LEXIS 111375 (S.D.N.Y. Aug. 7, 2013) ........................................................ 5

*Fisher v. Petr Konchalovsky Found.*,
   2016 U.S. Dist. LEXIS 31014 (S.D.N.Y. Mar. 10, 2016) ........................................................ 4

*Fisher*,
   2016 U.S. Dist. LEXIS 31014 ................................................................................................... 5

*Industries Co.*,
   312 F.R.D. 329 (S.D.N.Y. 2015) .............................................................................................. 5

*Jian Zhang v. Baidu.com Inc.*,
   293 F.R.D. 508 (S.D.N.Y. 2013) .............................................................................................. 4

*KPN B.V. v. Corcyra D.O.O.*,
   2009 U.S. Dist. LEXIS 20906 (S.D.N.Y. Mar. 16, 2009) .................................................... 5-6

*ShelterZoom Corp. v. Goroshevsky*,
   2020 U.S. Dist. LEXIS 131226 ................................................................................................ 6

*ShelterZoom Corp. v. Goroshevsky*,
   2020 U.S. Dist. LEXIS 131226 (S.D.N.Y. July 23, 2020) ....................................................... 5

*United States v. Estate of Machat*,
   2009 U.S. Dist. LEXIS 87000 ............................................................................................. 5, 6

*Xiaoyuan Zhang v. Valaris PLC*,
   2021 U.S. Dist. LEXIS 49610 (S.D.N.Y. Mar. 16, 2021) .................................................... 6, 9

**Rules**

FED. R. CIV. P. 4 ................................................................................................................ 1, 3, 5

Rule 4 ............................................................................................................................ 3, 4, 5, 9-10

Plaintiff Sobel Network Shipping Co., Inc. ("Sobel") hereby moves the Court[1] to permit Sobel to serve Defendant Shores Europe ApS with a copy of the Complaint and Summons filed in this Court on May 14, 2021 using electronic means and/or upon counsel for Shores Global and Susan Sadolin.

## FACTUAL AND PROCEDURAL BACKGROUND

Sobel engaged in business with Defendants Shores Europe ApS ("Shores Europe") and Shores Global, LLC ("Shores Global") for several months during 2020 and 2021. Both of these entities are largely owned, managed, directed, and operated by the same individual: Susan Sadolin ("Sadolin"). Sadolin is the registered agent and Chief Executive Officer of Shores Global, a Florida limited liability company. She is also the director, president, CEO, legal owner, and beneficial owner of Shores Europe, a private limited company organized under the laws of Denmark. Acting on behalf of Shores Global and Shores Europe, Sadolin conducted business with Sobel over the past two years.

After Defendants failed to remit the payment necessary to fulfill numerous invoiced amounts that Defendants owe to Sobel, Sobel filed the above-captioned litigation in this Court on May 14, 2021. Sobel served Shores Global on June 3, 2021 at the address that Shores Global lists on it and Shores Europe's joint website, 2440 NW 116th Street, Suite 600, Miami, Florida 33167. (*See* D.E. 9). On June 8, 2021, Shores Global's counsel reached out to Sobel's counsel via email[2] and stated:

---

[1] Filed contemporaneously with this Memorandum of Law is a Notice of Motion for Leave to Serve Defendant Shores Europe ApS pursuant to Fed. R. Civ. P. 4(f)(3).

[2] A true and correct copy of this email communication between counsel for Plaintiff and counsel for Defendant Shores Global is attached hereto as **Exhibit A**.

1

> From: Bernardo Nacouzi de Mello Franco <bernardo@axslawgroup.com>
> Sent: Tuesday, June 8, 2021 2:01 PM
> To: Aron Karabel <Aron.Karabel@wallerlaw.com>
> Cc: Jeff Gutchess <jeff@axslawgroup.com>
> Subject: Sobel v. Shores Global
>
> External Message
>
> Dear Mr. Karabel,
>
> Our firm represents Susan Sadolin in connection with this matter, and we have just received copies of the complaint and the summons from Susan. However, both Jeff Gutchess and I will be out of country, with very limited access to phone and emails, until the end of the month. Jeff will be on a safari until June 27, and I will be on a family vacation until June 30. Would you agree to a 30-day extension to our deadline to file a response to the complaint, until July 24?
>
> Thanks very much and we look forward to working with you in this matter.
>
> Best,
>
> Bernardo
>
> 
>
> **BERNARDO FRANCO**
> bernardo@axslawgroup.com / m: 917.392.4989
>
> AXS Law Group, PLLC
> o: 305.297.1878
> 2121 NW 2nd Ave, Suite 201 Wynwood, FL 33127
> http://www.axslawgroup.com
>
> 
>
> NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

(*See* **Ex. A**). Sobel's counsel requested that counsel for Shores Global accept service on behalf of Shores Europe. In response, Shores Global's counsel sent Sobel's counsel an email[3] that stated as follows:

---

[3] A true and correct copy of this email communication between counsel for Plaintiff and counsel for Defendant Shores Global is attached hereto as **Exhibit B**.

2

| | |
|---|---|
| From: | Bernardo Nacouzi de Mello Franco |
| To: | Aron Karabel |
| Cc: | Jeff Gutchess; John Haubenreich |
| Subject: | Re: Sobel v. Shores Global |
| Date: | Friday, June 25, 2021 5:35:40 PM |
| Attachments: | image001.png |

**External Message**

Hi Aron - apologies for the delay. I've been traveling all week and had very limited access to emails and phone service. We were not authorized to accept service on behalf of Shores Europe, and Susan did not accept service for Shores Europe. Thank you and have a nice weekend.

Best,

Bernardo

Sent from my iPhone

(Ex. B).

    Sobel then diligently attempted to serve Shores Europe at the Denmark address[4] listed for Shores Europe on Shores Global and Shores Europe's joint website. In an effort to avoid protracting this litigation, Sobel chose to attempt to serve Shores Europe pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), which allows service "using any form of mail that the clerk addresses and sends to the individual" (which includes corporations) "and that requires a signed receipt." Sobel followed the Court's Procedures for Service Pursuant to Rule 4 (f)(2)(C)(ii), which are accessible on the Court's website. Specifically, on July 1, 2021, Sobel sent to the Clerk of Court (i) copies of the Complaint and Summons; (ii) a Letter of Request that informed the Clerk of Court the address of Shores Europe in Denmark and the documents to be sent to Shores Europe; (iii) an international airway bill; and (iv) an envelope that could fit the papers that Sobel was attempting to serve on Shores Europe. The Clerk of Court received these materials. (*See* D.E. 13).

---

[4] That address is H.P. Hanssensgade 42, 6200 Aabenraa, Denmark.

3

The Deputy Clerk, JaVonn Ross, certified that a copy of the Complaint and Summons was sent via FedEx Express to Shores Europe ApS on July 8, 2021. (*Id.*)

Counsel for Sobel received a returned package from FedEx Express in mid-August indicating that the package containing the Complaint and Summons was not served on Shores Europe at the Denmark address listed on Shores Europe's website. The FedEx tracking summary notes an entry from July 12, 2021 stating, "Incorrect address - Recipient moved" and another entry from August 18, 2021 stating, "Unable to deliver shipment; returned to shipper."

## ARGUMENT

Rule 4(f)(3) of the Federal Rules of Civil Procedure permits service by "other means not prohibited by international agreement, as the court orders." This Court has discretion to approve of a method of alternative service under Rule 4(f)(3) when the method "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Fisher v. Petr Konchalovsky Found.*, 2016 U.S. Dist. LEXIS 31014, at *2 (S.D.N.Y. Mar. 10, 2016). Due process is satisfied if service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

Service via Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* at 330 (quoting *Advanced Aerofoil Techs., AG v. Todaro*, 2012 U.S. Dist. LEXIS 12383, at *3 (S.D.N.Y. Jan. 31, 2012)); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 512 (S.D.N.Y. 2013) ("[I]t should not, and does not, matter whether service was attempted pursuant to Rule 4(f)(1) or (2) and, if so, whether or why such service was unsuccessful"). The only limitations on Rule 4(f)(3) service are that the means of service cannot be prohibited by an international agreement and that the Court

4

must direct it. *United States v. Estate of Machat*, 2009 U.S. Dist. LEXIS 87000, at *9, 104 A.F.T.R.2d (RIA) 2009-6521 (S.D.N.Y. Sep. 21, 2009) (Koeltl, J.).

Service by electronic means is a permissible avenue for parties to utilize when other avenues prove unsuccessful. *See Sulzer Mixpac AG v.Medenstar Industries Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (holding that service upon an email address listed on the defendant's online webpage was an acceptable method of service because "under all circumstances" such would "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). If the party attempting to utilize Rule 4(f)(3) service shows "some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address" and that the "email is likely to reach the defendant", service via email is permissible. *Fisher*, 2016 U.S. Dist. LEXIS 31014, at *2; *see also F.T.C. v. Pecon Software Ltd.*, 2013 U.S. Dist. LEXIS 111375, at *5 (S.D.N.Y. Aug. 7, 2013); *ShelterZoom Corp. v. Goroshevsky*, 2020 U.S. Dist. LEXIS 131226, at *5 (S.D.N.Y. July 23, 2020). Furthermore, if the serving party sufficiently alleges that the individual or entity to be served has used a particular email address to correspond about the subject matter of the dispute or has used the proposed email address recently, such substantiates the conclusion that sending the documents via email is an appropriate method of service. *Asia Cube Energy Holdings, LTD v. Inno Energy Tech Co.*, 2020 U.S. Dist. LEXIS 148012, at *8 (S.D.N.Y. Aug. 17, 2020); *F.T.C v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *4 (S.D.N.Y. Mar. 7, 2013).

Service upon known counsel for an individual or entity is also an acceptable method of service under Fed. R. Civ. P. 4(f)(3). *KPN B.V. v. Corcyra D.O.O.*, 2009 U.S. Dist. LEXIS 20906, at *6-7 (S.D.N.Y. Mar. 16, 2009) (Koeltl, J.) (granting plaintiff's request to conduct service pursuant to Rule 4(f)(3) on the defendant's United States counsel after plaintiff diligently

attempted to serve defendants, because defendant's counsel was "aware of the facts underlying [the] action and [had] already made limited appearances on behalf of [the defendant]," which demonstrated that defendant's counsel would "not be likely to disregard notice of the action").[5]

Service via email or upon Shores Global and Sadolin's known counsel is acceptable in light of the present circumstances. Sobel has made several efforts to serve Shores Europe. It inquired in good faith whether Shores Global and Sadolin's counsel would accept service on Shores Europe's behalf, after counsel for Shores Global explicitly stated that his firm represented Sadolin (who is a key agent of Shores Europe). When counsel for Shores Global and Sadolin rejected that request, Sobel attempted to serve Shores Europe using the Clerk of the Court at the Denmark address that (i) Shores Europe (via Sadolin) provided to Sobel while the two entities did business together, (ii)

---

[5] *See also United States v. Estate of Machat*, 2009 U.S. Dist. LEXIS 87000, at *10-12 (Koeltl, J.) (permitting the United States to serve the known attorney of the foreign defendant individually and on behalf of an Estate (another defendant) because of the United States' "diligent efforts to serve [the foreign defendant] and her efforts to resist service," and because the known attorney appeared on behalf of the foreign defendant and "therefore must know how to contact her to notify her of service"); *ShelterZoom Corp. v. Goroshevsky*, 2020 U.S. Dist. LEXIS 131226, at *5-6 ("Shelterzoom also requests, out of an abundance of caution, that it be permitted to serve Pantaz through Joffe, Pantaz's U.S. counsel for dispute resolution purposes. With respect to service on Pantaz though Joffe, both requirements set forth above are also satisfied. Neither the Hague Service Convention nor apparently any other current international agreement between [the United States and the Russian Federation] prohibits service on a defendant residing in the Russian Federation through service on his counsel in the United States. Moreover, service on Pantaz through service on her counsel in the U.S. is unlikely to violate constitutional standards of due process.") (internal citations omitted); *Xiaoyuan Zhang v. Valaris PLC*, 2021 U.S. Dist. LEXIS 49610, at *9 (S.D.N.Y. Mar. 16, 2021) ("Service on Gibson Dunn is a particularly strong option, as it is clear that Burke is regularly communicating with Gibson Dunn, who initially stated that Burke would waive service once service was completed on Valaris, and who recently filed a letter on his behalf") (internal citations omitted).

6

Shores Europe lists as its address on its website, and (iii) several reputable and reliable databases provide (*see infra*) as Shores Europe's address. Furthermore, Denmark does not expressly object to service via email, and Sobel is unaware of any international agreement between the United States and Denmark that would prohibit it as a method of service.

There are several email addresses that, if Sobel is permitted to serve Shores Europe via email, will comport with due process requirements. According to both the Danish Business Authority - Central Business Register (CVR)[6] and the Thompson Reuters Company Investigator Report[7] pertaining to Shores Europe, Shores Europe's email address is susan@shores-int.com. (*See* **Ex. C & Ex. D**). Lexis's Comprehensive People/Public Records search report[8] also provides that exact email address for Sadolin, along with susan@shoresglobal.com, s.sadolin@shoresofdenmark.com, and shoresofdenmark@hotmail.com.

Importantly, in late April of 2021, Sadolin used the susan@shores-int.com email address to correspond with a representative of Sobel about the subject matter underlying the above-captioned lawsuit. She stated, on April 28, 2021:

---

[6] A true and correct copy of the CVR report pertaining to Shores Europe is attached hereto as **Exhibit C**.

[7] A true and correct copy of the Thompson Reuters / WestLaw Company Investigator reports for Shores Europe is attached hereto as **Exhibit D**.

[8] A true and correct copy of an excerpt from the Lexis records report as it pertains to Susan Sadolin is attached hereto as **Exhibit E**.

7

> From: Susan Sadolin <susan@shores-int.com<mailto:susan@shores-int.com>>
> Sent: Wednesday, April 28, 2021 5:27 AM
> To: Brian Wills <brianw@sobelnet.com<mailto:brianw@sobelnet.com>>
> Subject: Re: Dear Brian
>
> Dear Brian,
>
> I am trying to get back to the US as soon as possible. I will let you know if I am back by next week.
>
> Susan Sadolin / President
> susan@shores-int.com<mailto:susan@shores-int.com>
> Office +1 305 716 0848
> Fax +1 305 716 0894
> Mobile US +1 786 302 4171
> Mobile EU +45 2092 3100
> https://protect-us.mimecast.com/s/UafvCADQLqIBGzk8IMr6wt?domain=shoresglobal.com<https://protect-us.mimecast.com/s/UafvCADQLqIBGzk8IMr6wt?domain=shoresglobal.com>
>
> s
>
> <https://protect-us.mimecast.com/s/Yn51CB88Moc0zOYyFvd9I9?domain=shoresglobal.com>
> <image036.jpg>
>
> Shores Global LLC
> 2440 NW 116th Street
> Suite 600
> FL 33167 Miami, USA
>
> Shores Europe ApS
> H. P. Hanssensgade 42
> 6200 Aabenraa, Denmark
> https://protect-us.mimecast.com/s/UafvCADQLqIBGzk8IMr6wt?domain=shoresglobal.com<https://protect-us.mimecast.com/s/UafvCADQLqIBGzk8IMr6wt?domain=shoresglobal.com/>

(*See* Apr. 28, 2021 Email from Susan Sadolin to Sobel Representative Brian Wills, a true and correct copy of which is attached hereto as **Exhibit F**). This was not a one-off email. Sadolin used this address to correspond with Sobel's representatives at least three other times in April of 2021 alone.

As mentioned, Shores Global is also represented by counsel who know about this lawsuit and who stated in a communication to Sobel, "Our firm represents Susan Sadolin in connection with this matter, and we have just received copies of the complaint and the summons from Susan." (*See* **Ex. A**). If Sobel is permitted to serve Shores Europe via counsel for Shores Global and

8

Sadolin, Shores Europe will be apprised with notice of this action. As those tasked with representing Shores Global in this action, Shores Global and Sadolin's attorneys indubitably communicate with Sadolin and do so with respect to this litigation. (*See id.*)

Sadolin, in turn, is more than capable of providing Shores Europe with notice of the Complaint and Summons,[9] as she holds several key roles in the entity. According to the CVR which contains primary data on all businesses in Denmark, Sadolin is Shores Europe's Direktør (which translates to director), legal owner, formand (which translates to president), beneficial owner, and Bestyrelsesmedlem (which translates to director). (*See* **Ex. C**). According to Thompson Reuters, Sadolin is the Chairman of the Board of Shores Europe as well as its director and CEO. (*See* **Ex. D**). Therefore, Shores Europe will be apprised of the pendency of this action and afforded an opportunity to present its objections if (i) Sobel emails Susan Sadolin directly at her and Shores Europe's email address (susan@shores-int.com) and attaches a copy of the Complaint and Summons to the email, (ii) Sobel transmits to counsel for Shores Global and Sadolin a copy of the Complaint and Summons, with instruction to circulate to Shores Europe, or (iii) both of the aforementioned options occur.

Susan Sadolin knows about this lawsuit, and she knows that Sobel has raised claims against Shores Europe, an entity to which she owes responsibility and in which she holds an ownership interest. As Sadolin is the director, legal owner, president, CEO, chairman, and beneficial owner of Shores Europe, she can provide (and likely has a duty to provide) Shores Europe with the Complaint and Summons if this Court grants Sobel's Motion and allows service pursuant to Rule

---

[9] As counsel for Shores Global admitted in their correspondence to Sobel's counsel on June 8, 2021, it was Susan Sadolin who gave counsel for Shores Global copies of the Complaint and Summons. She thus already has the ability to provide Shores Europe with these documents.

9

4(f)(3). As those retained to represent both Shores Global (the other defendant in this case, and an entity that is inextricably linked to Shores Europe) and Sadolin (the key agent of Shores Europe), counsel for Shores Global and Sadolin is also more than capable of providing Shores Europe with the Complaint and Summons should the Court allow it.

## CONCLUSION

Sobel has set forth sufficient facts to demonstrate with certainty that at least one of the four email addresses proposed by Sobel is operational and was recently accessed by the director, legal owner, beneficial owner, CEO, and president of Shores Europe, and that the attorneys who represent Shores Global and Susan Sadolin in connection with this matter can provide Shores Europe with a copy of the Complaint and Summons.

Sobel thus respectfully moves the Court to permit Sobel to serve Shores Europe by (i) transmitting a copy of the Complaint and Summons to counsel for Shores Global and Susan Sadolin from the AXS Law Group, with instruction to circulate to Shores Europe, (ii) electronically sending, via email, a copy of the Complaint and Summons to susan@shores-int.com, shoresofdenmark@hotmail.com, s.sadolin@shoresofdenmark.com, and susan@shoresglobal.com as attachments, or (iii) both transmitting a copy of the Complaint and Summons to counsel for Shores Global and Susan Sadolin *and* electronically sending such documents to the aforementioned email addresses.

10

Respectfully submitted,

/s/ Aron Z. Karabel
Aron Z. Karabel (No. 4375176)
John E. Haubenreich (*pro hac vice*)
Taylor J. Askew (*pro hac vice*)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
aron.karabel@wallerlaw.com
john.haubenreich@wallerlaw.com
taylor.askew@wallerlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify that this brief, hereby filed electronically with the United States District Court for the Southern District of New York, complies with the requirements set forth in Judge John G. Koeltl's Individual Practices, Section II, D and with LR 11.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

The total word count for this brief, as counted by Microsoft Word and excluding the excepted sections as described in Section II, D, is 2,644.

This the 7th day of September, 2021.

WALLER LANSDEN DORTCH & DAVIS, LLP

/s/ Aron Z. Karabel
Aron Z. Karabel

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, a true and correct copy of the foregoing Memorandum of Law was filed with the Court via the Court's ECF filing system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel of record as indicated below. Parties may access the filing through the electronic filing system.

Jeffrey W. Gutchess
Bernardo Nacouzi de Mello Franco
AXS Law Group, PLLC
2121 NW 2nd Avenue
Suite 201
Miami, FL 33127
jeff@axslawgroup.com
bernardo@axslawgroup.com
eservice@axslawgroup.com

*Counsel for Defendant Shores Global, LLC*

/s/ Aron Z. Karabel

12